IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN M. PALMER,

       Plaintiff,

vs.

C/O CROTTY, et al.,

       Defendants.

CV F 07 0514 LJO WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Salinas Valley State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Correction at CCI Tehachapi.

       The claims in this action stem from an incident that occurred on January 27, 2005, at CCI Tehachapi. Plaintiff, housed in the Security Housing Unit (SHU), was directed to Defendant Correctional Officer (C/O) Crotty to "cuff up." Plaintiff was being taken to a hearing on allegations that he assaulted a correctional officer. Crotty allegedly told Plaintiff to "get ready for pay back brother."

Plaintiff was directed to back out of his cell to be handcuffed pursuant to SHU operating procedures. Plaintiff alleges that he "took several steps backward from the cell after the cell door opened. The plaintiff took several steps backwards and slip and fell 14 steps down the flight of stairs." Plaintiff was taken to a local hospital, then returned to the prison. Plaintiff alleges that as a result of the fall, he was paralyzed from the waist down. Plaintiff alleges that no accommodations were made for him. Plaintiff was forced to crawl around his cell and up and down the stairs. Plaintiff alleges that he was not taken to the prison infirmary for fourteen days.

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).

The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklesness as used in the criminal law is a

1  familiar and workable standard that is consistent with the Cruel and Unusual Punishments
2  Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment.
3  Farmer, 511 U.S. at 839-40.
4        The statute plainly requires that there be an actual connection or link between the actions
5  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.
6  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The
7  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional
8  right, within the meaning of section 1983, if he does an affirmative act, participates in another's
9  affirmative acts or omits to perform an act which he is legally required to do that causes the
10 deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
11 1978).
12       Though Plaintiff has alleged facts that clearly indicate that he was subjected to serious
13 harm and risk of serious injury, he fails to charge any named individual defendant with specific
14 conduct that constitutes deliberate indifference.  A generalized claim that Plaintiff was subjected
15 to injury and was ignored is insufficient to state a claim for relief.  Plaintiff must specifically
16 allege facts that charge each individual with conduct that constitutes deliberate indifference.
17 Because Plaintiff has failed to do so, the complaint must be dismissed.  Plaintiff will, however,
18 be granted leave to file an amended complaint.
19       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
20 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
21 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
22 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
23 there is some affirmative link or connection between a defendant's actions and the claimed
24 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
25 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
26

1	In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
2	make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended
3	complaint be complete in itself without reference to any prior pleading. This is because, as a
4	general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375
5	F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
6	longer serves any function in the case. Therefore, in an amended complaint, as in an original
7	complaint, each claim and the involvement of each defendant must be sufficiently alleged.
8	  In accordance with the above, IT IS HEREBY ORDERED that:
9	  1. Plaintiff's complaint is dismissed; and
10	  2. Plaintiff is granted thirty days from the date of service of this order to file a first
11	amended complaint that complies with the requirements of the Civil Rights Act, the Federal
12	Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
13	docket number assigned this case and must be labeled "First Amended Complaint." Failure to
14	file an amended complaint in accordance with this order will result in a recommendation that this
15	action be dismissed.
16	IT IS SO ORDERED.
17	**Dated:   February 11, 2008**              /s/  William M. Wunderlich
                                                UNITED STATES MAGISTRATE JUDGE